IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN GRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REGENT ASSET MANAGEMENT | ) |
| SOLUTIONS, INC. d/b/a | ) |
| IMPERIAL RECOVERY | ) |
| PARTNERS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SUSAN GRIGGS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC. d/b/a IMPERIAL RECOVERY PARTNERS, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SUSAN GRIGGS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Park Forest, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to US Bank.

6. The debt that Plaintiff allegedly owed US Bank was for charges relating to Plaintiff's checking account which was primarily used for Plaintiff's personal and/or household expenditures.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. REGENT ASSET MANAGEMENT SOLUTIONS, INC. d/b/a IMPERIAL RECOVERY PARTNERS, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about January 25, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to US Bank.

15. The aforementioned telephone call was Defendant's initial communication with Plaintiff.

16. During the course of the aforementioned telephone call, Plaintiff inquired whether Defendant would provide Plaintiff with documentation relative to the debt on which it was attempting to collect.

17. Defendant informed Plaintiff that it had sent a letter to Plaintiff.

18. Defendant then provided Plaintiff with the address to which it had allegedly sent the aforementioned letter.

19. Plaintiff apprised Defendant that she had not lived at the aforementioned address for approximately three (3) years.

20. Upon information and belief, despite Defendant's representations that it sent a letter to Plaintiff, Defendant has never sent a correspondence to Plaintiff relative to the debt on which it was attempting to collect.

21. During the course of the aforementioned telephone call Defendant then asked Plaintiff "[a]re you going to settle this now or in Court?"

22. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had to immediately pay the debt on which Defendant was attempting to collect or Defendant would file a lawsuit against Plaintiff.

23. Defendant's statement that Plaintiff had to immediately pay the debt was false, deceptive and/or misleading given that Plaintiff was afforded the opportunity to dispute the debt on which Defendant was attempting to collect.

24. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt she allegedly owed then Defendant would file a lawsuit against Plaintiff.

25. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. In its attempts to collect the debt allegedly owed by Plaintiff to US Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUSAN GRIGGS, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SUSAN GRIGGS**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: January 31, 2011

5

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us